# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **COREY MCKINZIE HOWARD,** | ) |
| | ) |
| Petitioner, | ) Case No. 7:16CV00279 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **WARDEN CLAUDE MAYES,** | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Corey McKinzie Howard, Pro Se Petitioner.*

The petitioner, Corey McKinzie Howard, an inmate at the United States Penitentiary in Leavenworth, Kansas, filed this action, pro se, as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Howard's § 2241 petition challenges the validity of his guilty plea and asks this court to vacate his conviction accordingly. *See United States v. Howard*, No. 7:08CR00023. Upon review of the record, I conclude that Howard's petition must be summarily dismissed for lack of jurisdiction.

A petition under § 2241, whether challenging the execution or the imposition of a federal sentence, must be brought in the district court with jurisdiction over the petitioner's custodian. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Because Howard is not confined within the jurisdiction of this court, this court has no jurisdiction over the warden of the Kansas facility, who is

Howard's current custodian. Therefore, I have no jurisdiction to address Howard's claims under § 2241.

I also cannot find that the interests of justice warrant transfer of the petition to the appropriate federal court in Kansas. *See* 28 U.S.C. § 1406(a). Howard's claims, challenging the validity of his underlying conviction, may be addressed under § 2241 only under certain circumstances not present here. *See, e.g., In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (finding § 2241 challenge to federal conviction barred absent showing of post-conviction change in law making petitioner's offense conduct no longer criminal).

For the stated reasons, I will summarily dismiss Howard's petition for lack of jurisdiction, without prejudice to his submission of an adequate § 2241 petition in the appropriate court.[1]

A separate Final Order will be entered herewith.

DATED: June 25, 2016

/s/ James P. Jones
United States District Judge

---

[1] In a separate motion submitted with his petition here, Howard also asserts an unspecified claim under *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). Because Howard is not confined in this district, I have no jurisdiction to address any § 2241 claim he may have under *Johnson*. Similarly, I have no jurisdiction to construe and address his letter as presenting such a claim under 28 U.S.C. § 2255. Howard previously filed a § 2255 motion challenging this court's Judgment in No. 7:08CR00023. Therefore, any present claim under § 2255 involving that Judgment is successive and barred from review absent certification from the court of appeals. *See* 28 U.S.C. § 2255(h).

-2-

Case 7:16-cv-00279-JPJ-RSB   Document 3   Filed 06/25/16   Page 2 of 2   Pageid#: 31